OLIVER G. HARRIS and WILMA L. HARRIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harris v. Commissioner
Docket No. 13009-80.
United States Tax Court
T.C. Memo 1981-596; 1981 Tax Ct. Memo LEXIS 145; 42 T.C.M. (CCH) 1428; T.C.M. (RIA) 81596; October 15, 1981. Elizabeth DePriest, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This motion was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code. [1] The Court agrees with and adopts his opinion which is set forth below. [2]
*147 OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: This case is before the Court on respondent's motion for partial summary judgment, which was presented at the Motions Session held on August 12, 1981. Petitioners did not appear at the Motions Session, and the Court has not received from them any response to the motion. At the conclusion of the hearing, the motion was taken under advisement. Respondent determined deficiencies in petitioners' Federal income tax for the years 1976, 1977, and 1978 in the amounts of $ 3,890.76, $ 3,791.83, and $ 5,444.16, respectively. Respondent also determined additions to tax under section 6653(a) for those years in the amounts of $ 194.54, $ 189.59, and $ 272.21, respectively. The deficiencies resulted from respondent's determination that items of income and deduction which had been reported in the tax returns of the "Oliver G. Harris, Jr. Family Estate (a Trust)" (hereinafter referred to as the Trust) were properly includable in petitioners' personal returns. The most significant of these items were petitioners' salaries, [3] which petitioners had, in effect, excluded from their personal returns, [4] and which had been *148 reported as "contract income" in the tax returns of the Trust. Rule 121 of the Tax Court Rules of Practice and Procedure[5] provides for summary judgment on legal issues as to which there is no genuine issue of material fact. Rule 121(b) states that a decision shall be rendered: if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * * The record in the present case contains the following items relevant to respondent's motion: a copy of the notice of deficiency; the petition and *149 answer; the income tax returns of the petitioners (Form 1040) and those of the Trust (Form 1041) for the years 1976, 1977, and 1978; respondent's motion for partial summary judgment; and the affidavit of Deborah A. Butler, an attorney in the office of Chief Counsel (Dallas District Counsel) of the Internal Revenue Service, containing several statements concerning the facts of the case. Respondent asks for summary judgment in his favor on four of the issues in controversy for each of the taxable years in question. Those issues are: (1) The disallowance of the purported conveyance to the Trust of the salaries earned by petitioners; (2) the "disallowance of the consultant fees;" (3) the "inclusion of income reported on Form 1041 but attributable to the petitioners;" and (4) the "determination that petitioners are liable for the additions to the taxes pursuant to section 6653(a)." these issues are discussed separately, below. 1. Conveyance of Compoensation by Petitioners. This issue was litigated by the petitioners for the years 1974 and 1975 in the case of Harris v. Commissioner, T.C. Memo. 1981-46. In that case, the petitioners' attempt to shift to the *150 Trust the incidence of taxation of income received by them as compensation for their services was held to be ineffective under the assignment of income doctrine. Respondent argues that the parties and the trust arrangement involved in the present case are the same as those involved in the earlier Harris case. The petitioners have not contested this petition. Rule 121(d) provides: (d) Form of Affidavits; Further Testimony; Defense Required: When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. It he does not so respond, a decision, if appropriate, may be entered against him. We conclude that there is no genuine issue as to any material fact on this point.Accordingly, summary judgment on this issue will be granted in favor of the respondent. 2. Disallowance of the Consultant Fees. The prior Harris case reveals that the Trust provided for the payment of monthly consultant fees to the petitioners and *151 that petitioners, themselves, effectively controlled the amount of the fees to be paid to them.Further, we note that, for the years now in question, consultant fees were deducted in the Trust's tax returns and included in income in petitioners' personal returns. In computing the deficiency, respondent excluded the consultant fees from petitioners' income. This was necessary to prevent the duplication that otherwise would have resulted from including the gross income of the Trust, unreduced by the consultant fees, in petitioners' income. In effect, respondent treated the fees as a nullity, neither income to the petitioners nor deductible by the Trust. Respondent now moves for summary judgment that its exclusion of the fees from petitioners' income was correct. Since there is no genuine issue as to any material fact with regard to this question, respondent will be granted summary judgment. 3. Inclusion of Income Reported by the Trust. In addition to petitioners' salaries, respondent also contends that other items of income reported by the Trust should be attributed to the petitioners.Apart from the salaries, the Trust reported farm losses, capital losses, and income *152 from fiduciaries for the years in question. Respondent asserts that "the only income reported on the Forms 1041 was income earned as a result of the petitioners' personal services or income which, pursuant to the provisions of sections 671 through 677, is considered to be 'owned' by the petitioners." The record, however, does not permit us to conclude that this is the case. For example, was the income from fiduciaries reported by the Trust "earned as a result of petitioners' personal services"? There is nothing in the record which would serve as a basis for this conclusion, or, indeed, which gives any information as to the source of this income. Similarly, the record contains no information which would support respondent's alternative contention that the income reported by the Trust is taxable to the petitioners under the grantor trust provisions of sections 671 through 677. The only information we have concerning the terms of the Trust is supplied by this Court's findings of fact in the earlier Harris decision. As noted above, the Court's holding in that case was based upon the assignment of income doctrine; the grantor trust issue was not reached. We are unwilling now *153 to attempt to decide the issue based upon findings of fact in an earlier case which were not intended to serve as a foundation for a discussion of the applicability of the grantor trust provisions. Respondent's motion for summary judgment on this issue will be denied. 4.Additions to Tax Under Section 6653(a). Finally, respondent asks that petitioners be held liable for additions to tax under section 6653(a). This issue was litigated for years 1974 and 1975 in the earlier Harris case. In holding that the petitioners were liable for additions to tax for those years, the Court was apparently strongly influenced by petitioners' failure to "obtain independent legal and tax advice before attempting to make such an all-encompassing (those ineffective) disposition" of their assets. The record does not establish that petitioners continued to act without professional advice during the years now in question. [6] Accordingly, respondent's motion for summary judgment on this issue will be denied. *154 In summary, respondent's motion for partial summary judgment will be granted as to the first and second issues and denied as to the third and fourth issues. In accordance with the above, An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Since this is a pre-trial motion, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in this particular circumstance, under the authority of the "otherwise provided" language of that rule.
3. During the years in question, the petitioner Oliver G. Harris, Jr., was employed by Braniff Airways, Inc., and the petitioner Wilma L. Harris was employed by the Atchison, Topeka and Santa Fe Railway Company. ↩
4. The salaries were first included in gross income and then deducted as "payment of nominee income to Liver G. Harris, Jr., Family Estate."↩
5. Unless otherwise indicated, any reference to "Rules" shall be deemed to refer to the Tax Court Rules of Practice and Procedure.↩
6. Petitioners' returns for the years in question were prepared by a paid preparer. There is, however, nothing in the record that indicates the extent, if any, to which petitioners were advised by the preparer or anyone else during the years in question concerning the validity of their trust arrangement.↩